**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laurie L. Dau, ) | No. 13-1840-PHX-LOA |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Carolyn W. Colvin, Acting Commissioner ) of the Social Security Administration, ) | |
| Defendant. ) | |

This case arises on the Court's review of Plaintiff's Complaint and Motion to Proceed In District Court Without Prepaying Fees or Costs, filed on September 6, 2013. (Docs. 1-2)

While Plaintiff is represented by counsel, there is no known authority that precludes a plaintiff from obtaining *in forma pauperis* ("IFP") status if the plaintiff is represented by counsel provided, of course, the plaintiff qualifies for such status. To hold otherwise would punish a plaintiff unable to pay the required fees for obtaining the assistance of counsel.

**I. *In Forma Pauperis* Status**

Every party "instituting any civil action, suit or proceeding" in a federal district court must pay a filing fee. 28 U.S.C. § 1914(a). A plaintiff, however, may be relieved of the filing-fee obligation if granted leave to proceed IFP under 28 U.S.C. § 1915(a)(1).

The determination of whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the district court's sound discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194

1  (1993). It is well-settled that a party need not be completely destitute to be granted IFP status.
2  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948); *Hale-Fiedler v.*
3  *Astrue*, 2012 WL 124834, at *1 (S.D. Cal. Jan. 17, 2012). To satisfy the requirements of 28
4  U.S.C. § 1915(a)(1), "an affidavit [of poverty] is sufficient which states that one cannot
5  because of his poverty pay or give security for costs . . . and still be able to provide himself
6  and dependents with the necessities of life." *Adkins*, 335 U.S. at 339.

7  Based on the verified information submitted to the Court, Plaintiff qualifies for IFP
8  status, but the Court will not grant her Motion to Proceed without prepaying fees and costs
9  at this time until she files an amended complaint as directed in this Order.

10 **II. Screening**

11 Upon review of the Complaint, the Court notes Plaintiff does not specify the issue or
12 issues she is appealing to the District Court of Arizona as a result an adverse ruling at the
13 administrative level on her application for Social Security benefits. (Doc. 1) As explained
14 below, a Social Security claimant may not appeal a denial of benefits simply because she lost
15 without clearly setting forth the reason(s) why the Administrative Law Judge's ("ALJ") or
16 Appeals Council's decisions were erroneous and stating a plausible claim for relief.

17 In cases in which a plaintiff is requesting *in forma pauperis* status, a district court is
18 required to screen cases and must dismiss the case at any time if the court determines that the
19 allegation of poverty is untrue, or the action or appeal is frivolous or malicious, the complaint
20 fails to state a claim on which relief may be granted, or the complaint seeks monetary relief
21 against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Screening IFP
22 complaints seeking judicial review of Social Security rulings is also required by § 1915(e)(2).
23 *Rhett v. New Jersey State Sup. Ct.*, 260 Fed. Appx. 513 (3rd Cir. 2008); *Wheeler v. Social*
24 *Sec. Admin.*, 2010 WL 3784891 (E.D. Cal. Sept. 24, 2010); *Robinson v. Social Sec. Admin.*,
25 2010 WL 2772626 (E.D. Wis. July 13, 2010).

26 A complaint must provide, among others, "a short and plain statement of the claim
27 showing that the pleader is entitled to relief," Rule 8(a)(2), Fed.R. Civ.P., which means, in
28 the context of a Social Security appeal, identifying the legal errors made by the ALJ and any

- 2 -

decision made by the ALJ without the support of substantial evidence. *See Duryea v. Social Sec. Admin.*, 2012 WL 1983344, at *3 (D. Ariz. June 4, 2012) (citing *Hinton v. Social Sec. Admin.*, 2011 WL 3489663, at *1 (D. Ariz. Aug. 9, 2011); *Pizarro v. Social Sec. Admin.*, 2008 WL 220320, at *1 (E.D. Cal. Jan. 25, 2008)). "[A] short and plain statement" must allege the errors the ALJ purportedly made.

Plaintiff's Complaint alleges conclusory claims that "[t]he findings of the Administrative Law Judge err in law and in fact, and that Plaintiff cannot perform substantial gainful activity and is disabled according to the criteria of the Social Security Act." (Doc. 1, ¶ III at 2) The Complaint requests, *inter alia*, that "the Administrative Law Judge be reviewed, reversed, and set aside; that Defendant be ordered to grant said claims of Plaintiff for a period of disability and disability insurance benefits and for supplemental security income[.]" (*Id.* at 2) The Complaint does not identify with specificity the legal error(s) purportedly made by the ALJ or why the decision made by the ALJ was without the support of substantial evidence. Clearly, the Complaint fails to give the Commissioner fair notice of the alleged error or errors the ALJ and Appeals Council committed and, therefore, it fails to state a claim upon which relief may be granted. *See* Rule 8(a)(2), Fed.R. Civ.P.; 28 U.S.C. § 1915(e)(2).

### III. Role of District Court

Title 42 U.S.C. § 405(g) is the federal statute governing judicial review of any final decision of the Commissioner of Social Security. 42 U.S.C. § 405(g); *Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988). "The Commissioner's denial of disability benefits may be set aside only when the ALJ's findings are based on legal error or not supported by substantial evidence in the record. If the evidence can support either outcome, the Commissioner's decision must be upheld." *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003) (citation omitted); *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (*per curiam*); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

"District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Act." *Kimzey v. Commissioner of*

*Social Sec.*, 2011 WL 1230818, at *1 (E.D. Cal. Mar. 30, 2011). The sole function of a district court in a Social Security appeal is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the proper legal standards were applied. *Clark v. Apfel*, 98 F.Supp.2d 1182 (D. Or. 2000); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence means more than a mere scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted); *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998). The ALJ is responsible for resolving conflicts, determining credibility, and resolving ambiguities. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If sufficient evidence supports the ALJ's determination, a district court cannot substitute its own determination. *Young v. Sullivan*, 911 F.2d 180, 184 (9th Cir. 1990). A district court must uphold the Commissioner's determination that a claimant is not disabled if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986).

**IV. Discussion**

The Court finds that Plaintiff's Complaint fails to state a plausible claim that entitles her to relief because it fails to provide how the ALJ erred and the reasoning that, if proven, would entitle Plaintiff to relief in this District Court. The Court will not dismiss this action at this time, but rather, will order Plaintiff to amend her Complaint to specify the plausible legal error(s) made by the ALJ, in accordance with Rule 8(a), Fed.R.Civ.P. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiff is forewarned that if she fails to comply with this Order, her appeal will be dismissed.

Accordingly,

**IT IS ORDERED** that on or before **Friday, September 20, 2013,** Plaintiff must file an Amended Complaint, setting forth the alleged legal errors made by the ALJ and the reasoning for such legal or factual errors in accordance with this Order.

**IT IS FURTHER ORDERED** that counsel and any party, if unrepresented, must

1  hereinafter comply with the Rules of Practice for the United States District Court for the
2  District of Arizona, especially LRCiv 16.1 regarding the required procedure in Social
3  Security cases in this District Court.  The District's Rules of Practice may be found on the
4  District Court's internet web page at www.azd.uscourts.gov/.

     Dated this 9th day of September, 2013.

                                      Lawrence O. Anderson
                                United States Magistrate Judge